## OKMULGEE GAS CO. v. STATE.

No. 12873—Opinion Filed Feb. 7. 1922.

### Order Denying Supersedeas.

McNEILL, J. The Okmulgee Gas Company has a franchise in the city of Okmulgee to distribute and sell gas to the citizens thereof at the rate of 25 cents per thousand. By orders of the Corporation Commission

the rate has been increased, and it is now collecting and receiving 45 cents per thousand cubic feet. Application was made to the Corporation Commission to increase this rate to 60 cents per thousand, which application was denied. The Okmulgee Gas Company has appealed from said order denying said increase and said cause is now pending in this court upon its merits. The gas company has made application for a supersedeas and permission to install the rate applied for, to wit, 60 cents per thousand, pending the final determination of this case.

Without determining whether this court has power and authority to make an order permitting the installing of an increased rate, in excess of the rate in force, after the application for increase has been disallowed by the commission by the giving of a supersedeas bond, we will consider the application upon its merits, assuming we have such authority. The application sets forth that the company is losing money at this time. We think the application, however, fails to allege and disclose facts sufficient to entitle the company to install the increased rate pending the final determination of the case.

It must be remembered that the company is still operating in the city of Okmulgee under a franchise. That franchises of this kind are valid and binding is the holding of the United States Supreme Court in the case of Columbus Railway, Power & Light Co. v. City of Columbus, 63 L. Ed. 669. It is likewise true that this court has held that the Corporation Commission has power and authority to agree to an increase in the rate. City of Sapulpa v. Oklahoma Natural Gas Co., 79 Okla. 196, 192 Pac. 224. But it must not be construed to mean that the Corporation Commission is compelled to grant an increase of rate unless the facts disclose that the contract is confiscatory, or during the entire term of the contract the rate will be unprofitable, as was said by the Supreme Court of the United States in the case of Columbus Railway, Power & Light Co. v. Columbus, supra, wherein the court stated:

"There is no showing that the contracts have become impossible of performance. Nor is there any allegation establishing the fact that, taking the whole term together, the contracts will be necessarily unprofitable."

The order of the Corporation Commission filed February 6, 1922, finds that this company has declared dividends in excess of $150,000 in the years 1918, 1919, and 1920. The application fails to disclose the amount of money actually expended in installing its lines; second, the amount actually earned each year; third, the amount of the earnings each year that has been expended in improving and bettering the plant; fourth, the amount of dividends already received; and unless these facts are stated the same fails to state facts sufficient to authorize the granting of temporary relief, for without the facts, or at least some of them, it cannot be said the contracts are unprofitable. It will be unnecessary for us to consider all the facts that the application should contain, but the application which simply contains the statement of the value of the property at this time and the fact that the company cannot operate the same at this time at a profit fails to state facts sufficient to entitle the plaintiff to supersedeas to install an increased rate above that fixed by the franchise or the increased rate that is now permitted to be charged by the Corporation Commission.

The supersedeas is therefore denied.

PITCHFORD, V. C. J., and JOHNSON, MILLER, NICHOLSON, and KENNAMER, JJ., concur.